

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11. TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 14, 1961

Honorable Henry Wade
District Attorney, Dallas County
Records Building
Dallas 2, Texas

Dear Mr. Wade:

Opinion No. WW-1220

Re: Construction of
Art. 802e, V.P.C.
concerning con-
viction of minors.

You request an opinion of this office as follows:

"Whether or not a juvenile convicted under
802d Texas Penal Code of Driving While Intoxi-
cated and fined according to the provisions of
this article can be jailed for failure to pay
that fine when he has failed to pay it after
his seventeenth birthday."

Since Article 802d Texas Penal Code has been repealed
by implication (Attorney General's Opinion WW-182, July 11,
1957) and has been superseded by Article 802e V.P.C. we shall
treat your request as though you had inquired about the latter
article. You want to know whether a male who has been con-
victed thereunder while under seventeen years of age can be
jailed in default of fine, after he becomes seventeen.

The Juvenile Act is Article 2338-1, V.C.S. However,
Section 4 of Art. 802e, provides that the offenses committed
under this act shall be under the jurisdiction of "the Courts
regularly empowered to try misdemeanors carrying the penalty
herein affixed, and shall not be under the jurisdiction of the
Juvenile Courts."

Section 1 of Art. 802e, V.P.C. is as follows:

"Section 1. Any male minor who has passed his
14th birthday but has not reached his 17th birthday,
and any female minor who has passed her 14th birth-
day but has not reached her 18th birthday, and who
drives or operates an automobile or any other motor
vehicle on any public road or highway in this state

or upon any street or alley within the limits of any city, town or village, or upon any beach as defined in Chapter 430, Acts of the 51st Legislature, 1949, while under the influence of intoxicating liquor, or who drives or operates an automobile or any other motor vehicle in such way as to violate any traffic law of this state, shall be guilty of a misdemeanor and shall be punished by a fine of not more than One Hundred Dollars ($100.00).  As used in this section, the term 'any traffic law of this state' shall include the following statutes, as heretofore or hereafter amended;

"Chapter 42, Acts of the 41st Legislature, Second Called Session, 1929 (Article 827a, Vernon's Texas Penal Code), except Section 9a thereof; Chapter 421, Acts of the 50th Legislature, Regular Session, 1947 (Article 6701d, Vernon's Texas Civil Statutes); Chapter 430, Acts of the 51st Legislature, Regular Session, 1949, (Article 827f, Vernon's Texas Penal Code); and Articles 795 and 801, Texas Penal Code of 1925.

Section 2 forbids the jailing of the convicted minor under Sec. 1, and limits the Court's power to suspending the driver's license pending payment of the fine.  The language of Section 2 is:

"Sec. 2.  No such minor, after conviction or plea of guilty and imposition of fine, shall be committed to any jail in default of payment of the fine imposed, but the court imposing such fine shall have power to suspend and take possession of such minor's driving license and retain the same until such fine has been paid."

The expression, "no such minor," doubtless refers to the specific individual who has or may be convicted.  The expression, "after conviction or plea of guilty and imposition of fine", is not limited as to time.  Please note what it does not say. It does not say "after conviction and until he becomes seventeen (17) years of age."  Since the statute forbids a commitment to jail "after conviction" it would be engrafting something thereon which the Legislature simply did not put there to hold that said offender could be jailed after becoming seventeen.  Under such

Hon. Henry Wade, Page 3  (WW-1220)

reasoning he could be jailed thereafter at 18, 19, 30 or 50 years of age.  Such a holding would do violence to the statute; such statute means just what it says, to wit, that "no such minor after conviction. . . shall be committed to any jail in default of payment of the fine."

The question has been raised that such a holding would render the statute partially meaningless, in that those minors not having driver's licenses would be permitted to go scot-free.  This is unsound reasoning and is not true.  The answer to that objection is that a minor who has no driver's license should never be prosecuted under Section 1 in the first place but under Section 3, which carries the same penalty. Section 3 is as follows:

"Sec. 3.  If any such minor shall drive any motor vehicle upon any public road or highway in this state or upon any street or alley within the limits of any corporate city, town or cillage, or upon any beach as defined in Chapter 430, Acts of the 51st Legislature, 1949, without having a valid driver's license authorizing such driving, such minor shall be guilty of a misdemeanor and shall be fined as set out in Section 1 hereof."

Information is readily available as to whether any given person has a driver's license.  This should be ascertained in advance and if the suspect is found to have none, a conviction under Section 3 could be secured.  Please note that there are no strings attached to a conviction under Section 3 and the convicted minor could be remanded to jail if the fine is not paid.

It is our opinion, therefore, and we so hold, that a male under 17 years and a female under 18 years cannot at anytime thereafter be remanded to jail in default of payment of a fine assessed under Section 1 of Article 802e, V.P.C. but either may be sent to jail forthwith in default of a fine assessed under Section 3 of said Article.

## SUMMARY

A juvenile male under seventeen and a female under eighteen cannot either before or after the 17th or 18th

Hon. Henry Wade, Page 4  (WW-1220)


birthday, respectively, be sent to jail in default
of the payment of a fine assessed under Article 802e,
Section 1, V.P.C., but may be committed to jail in
default of a fine assessed under Section 3 thereof.

Very truly yours,

WILL WILSON
Attorney General of Texas

By ~~W..Ray Scruggs~~
W..Ray Scruggs
Assistant Attorney General

WRS:lp

APPROVED:

OPINION COMMITTEE:

W. V. Geppert, Chairman


J. Arthur Sandlin

Mary Kate Wall

REVIEWED FOR THE ATTORNEY GENERAL
BY:
Leonard Passmore